UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 15-1584 (and 15-1597)

**Caption [use short title]**

**Motion for:** Consolidation of Related Appeals
pursuant to Federal Rules of Appellate
Procedure 3(b)(2)

Avila v. Riexinger & Associates, LLC, et al.

*Duplicate motion being filed in Elrod, 15-1597

Set forth below precise, complete statement of relief sought:

The appeals bearing Docket No.'s 15-1584 and 15-1597 should be

consolidated because consolidation would be both efficient and equitable for

the disposition of the appeals. If the consolidation motion is granted, Defendants-

Appellees request that the Court consider whether the briefing schedule should

be modified to permit the Plaintiffs-Appellants sufficient time to prepare and

file with the Brief for Appellants a single Joint Appendix for the Consolidated Appeals.

**MOVING PARTY:** Defendants-Appellees

**OPPOSING PARTY:** _____

☐ Plaintiff    ☑ Defendant
☐ Appellant/Petitioner    ☑ Appellee/Respondent

**MOVING ATTORNEY:** William G. Ballaine

**OPPOSING ATTORNEY:** _____

[name of attorney, with firm, address, phone number and e-mail]

Landman Corsi Ballaine & Ford P.C.

120 Broadway, 27th Floor, New York, NY 10271

(212) 238-4800    wballaine@lcbf.com

Court-Judge/Agency appealed from: United States District Court for the Eastern District of New York, Hon. Raymond J. Dearie

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this Court?    ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?    ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**
William G Ballaine    **Date:** June 10, 2015    Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
-----------------------------------------------------------------X
ANNMARIE AVILA, an individual; on behalf of
herself and all others similarly situated,

                    Plaintiff-Appellant,

   - against -                                 Docket No. 15-1584

RIEXINGER & ASSOCIATES, LLC, a Georgia
Limited Liability Company, CROWN ASSET
MANAGEMENT, LLC, a Georgia Limited Liability
Company, STEPHEN P. RIEXINGER, an individually
and in His Official Capacity, and, JOHN AND JANE
DOES, NUMBERS 1 THROUGH 25,

                    Defendants-Appellees.
-----------------------------------------------------------------X
SARA ELROD, an individual; on behalf of
herself and all others similarly situated,

                    Plaintiff-Appellant,

   - against -                                 Docket No. 15-1597

RIEXINGER & ASSOCIATES, LLC, a Georgia
Limited Liability Company, STEPHEN P.
RIEXINGER, an Individual and in His Official
Capacity; BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC, an Illinois Limited
Liability Company, JOHN AND JANE DOES,
1 THROUGH 25,

                    Defendants-Appellees.
-----------------------------------------------------------------X

# DECLARATION OF WILLIAM G. BALLAINE IN SUPPORT
## OF MOTION TO CONSOLIDATE RELATED APPEALS

584993.1

I, WILLIAM G. BALLAINE, pursuant to 28 U.S.C. §1746, hereby state as follows:

1.      I am counsel of record for Defendants-Appellees in the above appeals. I am familiar with the facts and law pertaining to these appeals.

2.      I respectfully submit this declaration and accompanying memorandum of law in support of Defendants-Appellees' motion: (1) to consolidate related appeals, *Avila v. Riexinger & Associates, LLC, et al.*, No. 15-1584 ("*Avila*"), and *Elrod v. Riexinger & Associates, LLC, et al.*, No. 15-1597 ("*Elrod*"), pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure; and (2) if the consolidation motion is granted, the Court should consider whether it is appropriate to modify the current briefing schedule (which has a July 6, 2015 brief filing deadline for Plaintiffs-Appellants) in order to allow Plaintiffs-Appellants sufficient time to prepare and file a single Joint Appendix for the consolidated appeals along with their Brief for Plaintiffs-Appellants for the consolidated appeals.[1]

3.      Defendants-Appellees have contacted attorneys for Plaintiffs-Appellants, who do not oppose consolidating the related appeals and asking the Court to consider modifying the Court's current briefing schedule.

---

[1] Duplicate consolidation motions are being made under this Court's Case No. 15-1584 (*Avila*) and Case No. 15-1597 (*Elrod*).

4.      These related actions are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The United States District Court for the Eastern District of New York (Dearie, J.) consolidated the two cases below for disposition and then dismissed the Plaintiffs-Appellants' respective pleadings, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a cause of action upon which relief can be granted. Accordingly, Plaintiffs-Appellants are appealing from the identical Memorandum & Order and the identical Judgment entered by the district court. *See Avila*, Case No. 15-1584, Dkt Nos. 1, 2 and 3; *Elrod*, Case No. 15-1597, Dkt Nos. 1, 3 and 4.

5.      Although Plaintiffs-Appellants have filed separate timely notices of appeal, consolidation would be both efficient and equitable for the disposition of the appeals. The same counsel has represented Plaintiffs-Appellants in both of these cases. The same defense counsel has represented Defendants-Appellees in both cases. Two of the three Defendants-Respondents are the same in both cases. The actions involve common questions of law and fact and the actions were properly treated as related cases under Rule 50.3.1 of the Eastern District of New York's Rules for the Division of Business Among District Judges.

6.      On May 29, 2015, this Court notified the parties that the *Avila* appeal had been place on the Court's Expedited Calendar and set the due date for Appellant's

584993.1                                          3

Brief as July 6, 2015. *Avila*, Case No. 15-1584, Dkt No. 30. On June 1, 2015, this Court similarly notified the parties that the *Elrod* appeal had been place on the Court's Expedited Calendar and, as with *Avila*, the Court set the due date for Appellant's Brief as July 6, 2015. *Elrod*, Case No. 15-1597, Dkt No. 30. However, the *Avila* and *Elrod* appeals have not, to date, been formally joined or consolidated for appeal purposes. Thus, as of now, separate Briefs and separate Joint Appendices must be filed in these related appeals. Consolidation of the two appeals, pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure would provide both an efficient and an equitable means for disposing of the two appeals.

7.      Defendants-Appellees respectfully refer the Court to their accompanying memorandum of law in support of their motion to consolidate related appeals pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure.

8.      For the foregoing reasons, as well as the reasons contained in Defendants-Appellees accompanying memorandum of law, Defendants-Appellees respectfully request that: (1) the Court consolidate related appeals, *Avila v. Riexinger & Associates, LLC*, No. 15-1584, and *Elrod v. Riexinger & Associates, LLC*, No. 15-1597, pursuant to Federal Rule of Appellate Procedure 3(b)(2); and (2) if the consolidation motion is granted, the Court consider whether it is appropriate to modify the current briefing schedule (which has a July 6, 2015 filing deadline for Plaintiffs-Appellants) in order

to allow sufficient time for Plaintiffs-Appellants to prepare and file a single Joint
Appendix for the consolidated appeals along with their Brief for Plaintiffs-Appellants
in the consolidated appeals.

**I declare under penalty of perjury pursuant to 28 U.S.C.§ 1746, that the
foregoing is true and correct.**

Dated:      June 10, 2015
            New York, New York

                                        /s/

                                        _____

                                        **WILLIAM G. BALLAINE**

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
------------------------------------------------------------------X
ANNMARIE AVILA, an individual; on behalf of
herself and all others similarly situated,

                 Plaintiff-Appellant,

     - against -                              Docket No. 15-1584

RIEXINGER & ASSOCIATES, LLC, a Georgia
Limited Liability Company, CROWN ASSET
MANAGEMENT, LLC, a Georgia Limited Liability
Company, STEPHEN P. RIEXINGER, an individually and
in His Official Capacity, and, JOHN AND JANE DOES,
NUMBERS 1 THROUGH 25,

                 Defendants-Appellees.
------------------------------------------------------------------X
SARA ELROD, an individual; on behalf of
herself and all others similarly situated,

                 Plaintiff-Appellant,

     - against -                              Docket No. 15-1597

RIEXINGER & ASSOCIATES, LLC, a Georgia
Limited Liability Company, STEPHEN P.
RIEXINGER, an Individual and in His Official
Capacity; BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC, an Illinois Limited
Liability Company, JOHN AND JANE DOES,
1 THROUGH 25,

                 Defendants-Appellees.
------------------------------------------------------------------X

      Defendants-Appellees respectfully submit this memorandum in support of

their motion to consolidate related appeals, *Avila v. Riexinger & Associates, LLC,*

*et al.*, No. 15-1584 ("*Avila*"), and *Elrod v. Riexinger & Associates, LLC, et al.*, No.

15-1597 ("*Elrod*"), pursuant to Rule 3(b)(2) of the Federal Rules of Appellate

Procedure. If the consolidation motion is granted, Defendants-Appellees ask the Court to consider whether it is appropriate to modify the current briefing schedule (which has a July 6, 2015 filing deadline for Plaintiffs-Appellants) in order to allow Plaintiffs-Appellants sufficient time to prepare and file a single Joint Appendix for the consolidated appeals along with their Brief for Plaintiffs-Appellants.[1]

These related actions are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The United States District Court for the Eastern District of New York (Dearie, J.) consolidated the two cases below for disposition and then dismissed the Plaintiffs-Appellants' respective pleadings, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a cause of action upon which relief can be granted. Accordingly, Plaintiffs-Appellants are each appealing from the identical Memorandum & Order and the identical Judgment entered by the district court. See *Avila*, Case No. 15-1584, Dkt Nos. 1, 2 and 3; *Elrod*, Case no. 15-1597, Dkt Nos. 1, 3 and 4.

Although Plaintiffs-Appellants have filed separate timely notices of appeal, consolidation would be both efficient and equitable for the disposition of the appeals. The same counsel has represented Plaintiffs-Appellants in both of these cases. The same defense counsel has represented Defendants-Appellees in both

---

[1] Duplicate consolidation motions are being made under this Court's Case No. 15-1584 (*Avila*) and Case No. 15-1597 (*Elrod*).

cases. Two of the three Defendants-Respondents are the same in both cases. The actions involve common questions of law and fact and the actions were properly treated as related cases under Rule 50.3.1 of the Eastern District of New York's Rules for the Division of Business Among District Judges.

On May 29, 2015, this Court notified the parties that the *Avila* appeal had been place on the Court's Expedited Calendar and set the due date for Appellant's Brief as July 6, 2015. *Avila*, Case No. 15-1584, Dkt No. 30. On June 1, 2015, this Court similarly notified the parties that the *Elrod* appeal had been place on the Court's Expedited Calendar and, as with *Avila*, the Court set the due date for Appellant's Brief as July 6, 2015. *Elrod*, Case No. 15-1597, Dkt No. 30. However, the *Avila* and *Elrod* appeals have not, to date, been formally joined or consolidated for appeal purposes. Thus, as of now, separate Briefs and separate Joint Appendices must be filed in these related appeals. Consolidation of the two appeals, pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure, would provide both an efficient and an equitable means for disposing of the two appeals.

Plaintiffs-Appellants have consented to this motion consolidating the related appeals and asking the Court, if it grants the consolidation motion, to consider whether the current briefing schedule should be modified to allow sufficient time

584915.1

3

for a single Joint Appendix for the consolidated cases to be prepared and filed along with the Brief for Plaintiffs-Appellants in the consolidated cases.

## PROCEDURAL HISTORY

The *Avila* action was commenced as a putative class action under the FDCPA on July 31, 2013 and assigned to District Judge Dearie. *Avila*, EDNY Case No. 13-cv-4349, Dkt No. 1 (Complaint). The *Avila* Plaintiffs filed a First Amended Complaint, also seeking to proceed as a class action, on March 3, 2014. *Id.*, Dkt No. 23 (First Amended Complaint). The *Elrod* action was commenced as a putative class action under FDCPA on May 1, 2014 and initially assigned to District Judge Matsumoto. *Elrod*, EDNY Case No. 14-cv-2740, Dkt No. 1 (Complaint).

In each case, Defendants-Appellees moved to dismiss the pleadings pursuant to Rule 12(b)(6) and notified the district court that the two actions should be treated as related under the Eastern District's Local Rules. *See Avila*, EDNY Case No.13-cv-4349, Dkt Nos. 26, 32; *Elrod*, EDNY Case No. 14-cv-2740, Dkt Nos. 6, 13. *Elrod* was thereupon reassigned to Judge Dearie by Chief Judge Amon on July 11, 2014. *See Elrod,* EDNY Case No. 14-cv-2740, 7/11/2014 Dkt Entry.

The district court consolidated the two actions and entered its Memorandum & Order and its separate Judgment determining the two dismissal motions on April

584915.1

14, 2015. *Avila*, EDNY Case No. 13-cv-4349, Dkt Nos. 36 and 37; *Elrod*, EDNY Case No. 14-cv-2740, Dkt Nos. 17 and 18.

## STATEMENT OF FACTS

According to the Amended Complaint, Plaintiff-Appellant Annmarie Avila allegedly incurred a financial obligation to non-party Wells Fargo which she subsequently defaulted on. *Avila*, EDNY Case No. 13-cv-4349, Dkt No. 23 (Amended Complaint). After her default, Plaintiff-Appellant Avila's debt was transferred to creditor Defendant-Appellee Crown Asset Management, LLC. *Id.* Thereafter, on August 2, 2012, Defendant-Appellee Riexinger & Associates, LLC mailed Avila a letter, on behalf of the creditor, seeking to collect on the debt. *See id.*, Exhibit A to Amended Complaint.

Likewise, Plaintiff-Appellant Sara Elrod also incurred a financial obligation to a non-party, in her case, to Capital One Card Services, Inc., which she, too, subsequently defaulted on. *Elrod*, EDNY Case No. 14-cv-2740, Dkt No. 1 (Complaint). And following her default, Elrod's debt was also transferred to a creditor, namely Defendant-Appellee Bureaus Investment Group Portfolio No. 15, LLC. *Id.* Thereafter, on May 3, 2013, Defendant-Appellee Riexinger & Associates, LLC, acting on behalf of the creditor, mailed Elrod a letter also seeking to collect on the debt. *See id.*, Exhibit A to Complaint.

The debt collection letters mailed to Plaintiffs-Appellants Elrod and Avila were nearly identical. *See Avila*, EDNY Case No. 13-cv-4349, Dkt No. 23 (Amended Complaint, Exhibit A); *Elrod*, EDNY Case No. 14-cv-2740, Dkt No. 1 (Complaint, Exhibit A). The only differences in the letters were: (1) Elrod's debt collection letter identifies her particular current balance owed (as opposed to Avila's); (2) Elrod's debt collection letter identifies Capital One as the creditor (as opposed to the creditor of Avila's debt, Wells Fargo); and (3) the bottom of Elrod's letter states "NY License Number 1414772." *Id.* Otherwise, the debt collection letters are identical in all respects. *Id.*

Following receipt of the debt collection letters, Plaintiffs-Appellants Avila and Elrod filed separate class actions on behalf of the same class, namely New York residents who were mailed letters substantially similar to the debt collection letters they received. *See Avila*, EDNY Case No. 13-cv-4349, Dkt No. 1 (Complaint) and 23 (Amended Complaint); *Elrod*, EDNY Case No. 14-cv-2740, Dkt No. 1 (Complaint). Moreover, both Plaintiffs-Appellants claim the debt collection letters they received violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by: (1) making false or misleading representations regarding the involvement of a New York-licensed attorney, in violation of section 1692e(3), (5) and (10); (2) failing to indicate their debt may increase due to interest in violations of sections 1692e(2)(A) and 1692g; and (3)

providing that the creditor will assume the debt is valid if not disputed within 30 days, in violation of section 1692g(a)(3).[1] *Id.*

These class actions were subsequently consolidated by the district court and dismissed in a single Memorandum & Order issued by Honorable Raymond J. Dearie, United States District Court for the Eastern District of New York, on April 14, 2015. *Avila*, EDNY Case No. 13-cv-4349, Dkt Nos. 36 and 37; *Elrod*, EDNY Case No. 4-cv-2740, Dkt Nos. 17 and 18. Plaintiffs-Appellants have timely appealed the entirety of the Memorandum & Order and the separate Judgment dismissing their consolidated class actions. *Avila*, EDNY Case No. 15-1584, Dkt No. 1; *Elrod*, EDNY Case No. 15-1597, Dkt No. 1.

## ARGUMENT

Consolidation of related appeals is appropriate "[w]hen the parties have filed separate timely notices of appeal," Fed. R. App. P. 3(b)(2), and where "consolidation would be both efficient and equitable for the disposition of the appeals." *Chem One, Ltd. v. M/W RICKMERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011).

---

[1]  Plaintiff-appellant Avila also claims that the debt collection letter she received violates additional sections of the FDCPA, *i.e.*, section 1692f (Defendants purportedly charged an undisclosed usurious interest rate), section 1692g (Defendants allegedly failed to name Avila's creditor to which the debt is owed), and section 1692j (Defendants purportedly engaged in flat-rating activities), as well as New York General Business Law § 349, New York General Obligations Law § 5-501 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* See *Avila*, EDNY Case No. 13-cv-4349, Dkt No. 23 (Amended Complaint).

Here, Plaintiffs-Appellants Elrod and Avila are individual debtors, appealing the identical Memorandum & Order and identical separate Judgment issued by the district court, pursuant to which their consolidated class actions against the debt collectors and creditors (as identified in their respective debt collection letters), were dismissed. Notably, the underlying debt collection letters Plaintiffs-Appellants take issue with are essentially identical, and both Plaintiffs-Appellants claim that these letters violate §§ 1692e and 1692g of the FDCPA. Moreover, all of the claims/issues in *Elrod* are also present in *Avila*. In addition, the same attorneys are representing Plaintiffs-Appellants and Defendants-Appellees in both *Elrod* and *Avila*, and these appeals have both been placed on this Court's Expedited Calendar and given the same briefing schedule. *Avila*, Case No. 15-1584, Dkt No. 30; *Elrod*, Case No. 15-1597, Dkt No. 30.

Consequently, it is clear that these appeals involve substantially similar parties (*i.e.*, individual debtors, debt collectors, and creditors) and a substantial factual overlap (*i.e.*, the same complaints about virtually identical debt collection letters). These actions also contain overlapping legal issues on appeal, as all of the issues being appealed in the *Elrod* matter are also being appealed in the *Avila* matter, which as discussed above, arise from the same factual predicate/events. As a result, it is plain that if these appeals are not consolidated, the parties could be subjected to conflicting orders. Moreover, absent consolidation of these appeals,

585

the Court would unnecessarily have to duplicate its efforts in addressing many of the same legal/factual issues. Thus, by consolidating these related appeals, it is clear that the interests of justice and efficiency will be served.

In addition, Defendants-Appellees respectfully request that, if the consolidation motion is granted, the Court consider whether it is appropriate to modify the current briefing schedule (which has a July 6, 2015 filing deadline for Plaintiffs-Appellants) in order to allow sufficient time for Plaintiffs-Appellants to prepare and file a single Joint Appendix for the consolidated appeals along with their Brief for Plaintiffs-Appellants in the consolidated appeals.

## CONCLUSION

Based on the foregoing, Defendants-Appellees respectfully request that (1) the Court consolidate related appeals, *Avila v. Riexinger & Associates, LLC*, No. 15-1584, and *Elrod v. Riexinger & Associates, LLC*, No. 15-1597, pursuant to Federal Rule of Appellate Procedure 3(b)(2), and (2) if the consolidation motion is granted, the Court consider whether it is appropriate to modify the current briefing schedule (which has a July 6, 2015 filing deadline for Plaintiffs-Appellants) in order to allow sufficient time for Plaintiffs-Appellants to prepare and file a single Joint Appendix for the consolidated appeals along with their Brief for Plaintiffs-Appellants in the consolidated appeals.

Dated: New York, New York
June 10, 2015

584915.1

9

LANDMAN CORSI BALLAINE & FORD, P.C.

By: _____/s/_____

William G. Ballaine
Jennifer A. Ramme
120 Broadway, 27th Floor
New York, New York 10271-0079
Tel: (212) 238-4800
Emails: WBallaine@lcbf.com and
JRamme@lcbf.com

*Attorneys for Defendants-Appellees in Case No.
15-1584 and in Case No. 15-1597*

584915.1