# 15-1584(L)

## 15-97(con)

In The

# United States Court of Appeals

FOR THE SECOND CIRCUIT

---

ANNMARIE AVILA, AN INDIVIDUAL, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED; SARA ELROD, AN INDIVIDUAL,
ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants,*

*- against -*

RIEXINGER & ASSOCIATES, LLC, A GEORGIA LIMITED LIABILITY COMPANY;
CROWN ASSET MANAGEMENT, LLC, GEORGIA LIMITED LIABILITY COMPANY;
STEPHEN P. RIEXINGER, AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY;
JOHN AND JANE DOES, NUMBERS 1 THROUGH 25; BUREAUS INVESTMENT
GROUP PORTFOLIO NO. 15, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (BROOKLYN)

## BRIEF OF DEFENDANTS-APPELLEES

WILLIAM G. BALLAINE, ESQ.
JENNIFER RAMME, ESQ.
LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for Defendants-Appellees*
120 Broadway, 27th Floor
New York, New York 10271
(212) 238-4800

Press of Fremont Payne, Inc. · 55 Broad Street, Third Floor, New York, NY 10004 · (212) 966-6570

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendants-Appellees Riexinger & Associates, LLC, Crown Asset Management LLC and Bureau Investment Group Portfolio No. 15, LLC each states that it has no parent company and no publicly held corporation that holds 10% or more of its stock.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iv

PRELIMINARY STATEMENT.............................................................. 1

COUNTER STATEMENT OF ISSUES PRESENTED FOR REVIEW ................. 3

JURISDICTION.................................................................................. 4

STATEMENT OF THE CASE................................................................ 5

    A.    Procedural History .............................................................. 5

    B.    Plaintiff Avila's Pertinent Allegations ................................. 8

    C.    Plaintiff Elrod's Pertinent Allegations ............................... 10

    D.    The District Court's Order ................................................ 12

SUMMARY OF ARGUMENT .............................................................. 15

APPLICABLE STANDARDS OF REVIEW........................................... 17

    A.    Standard of Appellate Review ........................................... 17

    B.    Standard of Review for Motion to Dismiss........................ 17

    C.    Standards Applicable to FDCPA Claims ........................... 19

ARGUMENT ..................................................................................... 20

    POINT I

    THE DISTRICT COURT PROPERLY DISMISSED CLAIMS
    BY PLAINTIFFS AVILA AND ELROD THAT
    DEFENDANTS MADE FALSE OR MISLEADING
    REPRESENTATIONS IN VIOLATION OF FDCPA § 1692e ................... 20

A.    § 1692e(3) was not violated because the debt collection
      letters contained clear prominent disclaimers as to the
      level of attorney involvement ......................................................... 21

B.    § 1692e(5) was not violated because the debt collection
      letters do not threaten to take any action, let alone any
      legal action, that is not intended to be taken .................................. 26

C.    Elrod has not an cannot establish a violation of § 1692e
      due to the inclusion of the "NY License Number" in
      her debt collection letter ................................................................. 28

POINT II

THE DISTRICT COURT PROPERLY DISMISSED AVILA'S
CLAIMS THAT THE AVILA DEFENDANTS ENGAGED
IN UNFAIR PRACTICES IN VIOLATION OF
FDCPA § 1692f ............................................................................. 31

A.    Avila's usury claim has been waived or abandoned ....................... 31

B.    Avila's belatedly-raised claims concerning excessive
      interest are time-barred .................................................................. 32

C.    Avila cannot establish that the purported amount of interest
      charged on her debt was impermissible as a matter of law ........... 37

POINT III

THE DISTRICT COURT PROPERLY DISMISSED AVILA'S
CLAIMS THAT THE AVILA DEFENDANTS FAILED TO
PROVIDE     INFORMATION    REQUIRED    TO    BE
DISCLOSED UNDER FDCPA § 1692g ...................................................... 40

A. The Avila Defendants had no duty to warn Avila that her debt was accruing interest and, thus, there was no violation of § 1692g(a)(1) .................................................... 40

B. The Avila Defendants properly disclosed the current creditor of the debt and, therefore, the letter did not violate § 1692g(a)(2) ....................................................... 45

POINT IV

BASED ON THE DEBT COLLECTION LETTERS NEITHER CROWN ASSET NOR BIG 15 SHOULD BE SUBJECT TO LIABILITY TO PLAINTIFFS UNDER THE FDCPA .............................. 48

CONCLUSION ...................................................................... 51

iii

587708

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adlam v. FMS, Inc.*,
  No. 09-CV-9129, 2010 WL 1328958 (S.D.N.Y. April 5, 2010).........................42

*Aker v. BIG 15 Portfolio No. 15 LLC*,
  No. 12-3633, 2014 WL 4185366 (N.D. Ill. Sept. 29, 2014).........................49, 50

*Akoundi v. FMS, Inc.*,
  No. 14 Civ. 366, 2014 WL 3632008 (S.D.N.Y. July 22, 2014).........................29

*Akoundi v. FMS, Inc.*,
  No. 14–cv–366, 2014 WL 6603916 (S.D.N.Y. Nov. 14, 2014).............19, 47, 49

*Alibrandi v. Fin. Outsourcing Serv., Inc.*,
  333 F.3d 82 (2d Cir. 2003) ...............................................................................48

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................17, 18, 47, 49

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007)...........................................................................................18

*Bentley v. Great Lakes Collection Bureau*,
  6 F.3d 60 (2d Cir. 1993) .....................................................................16, 26, 28

*Boos v. Runyon,*
  201 F.3d 178 (2d Cir. 2000) .............................................................................35

*Castro v. Green Tree Servicing LLC*,
  959 F. Supp.2d 698 (S.D.N.Y.) .........................................................................29

*Clomon v. Ackson*,
  988 F.2d 1314 (2d Cir. 1993) ............................................19, 20, 22, 24

*Corazzini v. Litton Loan Servicing LLP*,
  No. 09-cv-0199, 2010 WL 6787231 (N.D.N.Y. June 15, 2010).........................30

*Corcoran v. New York Power Auth., LLP,*
    202 F.3d 530, 543 (2d Cir. 1999) ...................................................36

*Coulter v. Morgan Stanley & Co. Inc.,*
    753 F.3d 361 (2d Cir. 2014) .........................................................17

*Easterling v. Collecto,*
    692 F.3d 229 (2d Cir. 2012) .........................................................19

*Ellis v. Solomon and Solomon, P.C.,*
    591 F.3d 130 (2d Cir. 2010) .........................................................19

*Gabrielle v. Law Office of Martha Croog,*
    No. 10-cv-1798, 2012 WL 460264 (D. Conn. Feb. 9, 2012), *aff'd,*
    *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed. Appx. 89
    (2d Cir. 2012)...............................................................................29

*Gonzalez v. Kay,*
    577 F.3d 600 (5th Cir. 2009) ....................................................24, 25

*Greco v. Trauner, Cohen and & Thomas, L.L.P.,*
    412 F.3d 360 (2d Cir. 2005) ...................................................passim

*Hasbrouck v. Arrow Fin. Services LLC,*
    No. 09-cv-0748, 2011 WL 1899250 (N.D.N.Y. May 19, 2011)..................29, 30

*In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.,*
    851 F. Supp. 556 (S.D.N.Y. 1994) ................................................38

*In re McCoy,*
    496 B.R. 678 (E.D.N.Y. 2011) .....................................................38

*Intima-Eighteen, Inc. v. A.H. Schreiber Co.,*
    172 A.D.2d 456 (1st Dep't 1991)..................................................39

*Jones v. Midland Funding, LLC,*
    755 F. Supp.2d 393 (D. Conn. 2010).........................................42, 44

*Jones-Bartley v. McCabe, Weisberg & Conway, P.C.,*
    59 F. Supp.3d 617 (S.D.N.Y) .......................................................20

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,*
    412 F.3d 418 (2d Cir. 2005) .........................................................32

*Kahen-Kashani v. National Action Financial Services, Inc.*,
No. 03-cv-828, 2004 WL 1040384 (W.D.N.Y. April 12, 2004) ........................ 19

*Kassner v. 2nd Ave. Delicatessen, Inc.*,
496 F.3d 229 (2d Cir. 2007) ............................................................................. 18

*Kelly v. Wolpoff v. Abramson L.L.P.*,
634 F. Supp.2d 1202 (D. Colo. 2008) ................................................................ 47

*Klein v. Solomon & Solomon, P.C.*,
No. 10-1800, 2011 WL 5354250 (D. Conn. Oct. 28, 2011) ............................... 29

*Knowles v. Credit Bureau of Rochester*,
No. 91-0148, 1992 WL 131107 (W.D.N.Y. May 28, 1992) .............................. 27

*Kolari v. New York–Presbyterian Hosp.*,
382 F. Supp.2d 562 (E.D.N.Y. 2005), *rev'd in part on other
grounds*, 455 F.3d 118 (2d Cir. 2006) .............................................................. 48

*Kolganov v. Phillips & Cohen Associates,Ltd.*,
No. 02-CV3710, 2004 WL 958028 (E.D.N.Y. April 8, 2004) ..................... 43, 44

*Lane v. Fein, Such and Crane, LLP*,
767 F. Supp. 2d 382 (E.D.N.Y. 2011) ............................................................... 29

*Lesher v. Mitchell N. Kay*,
650 F.3d 993 (3d Cir. 2011) ...................................................................... 24, 25

*Litle v. Arab Bank, PLC*,
507 F. Supp.2d 267 (E.D.N.Y. 2007) .......................................................... 35, 36

*Madonna v. Academy Collection Serv.*,
No. 95-0875, 1997 WL 530101 (D. Conn. Aug. 12, 1997) ............................... 27

*Manfra, Tordella & Brookes, Inc. v. Bunge*,
794 F.2d 61 (2d Cir. 1986) ............................................................................... 38

*McDowall v. Leschack & Grodensky, P.C.*, 279 F. Supp.2d 197, 199
(S.D.N.Y. 2003). ....................................................................................... 43, 44

*McStay v. I.C. System, Inc.*,
308 F.3d 188 (2d Cir. 2002) ............................................................................. 41

*Miller Planning Corp. v. Wells et al.*,
    253 A.D.2d 859, ........................................................................................38

*Miller v. Int'l Telephone & Telegraph Corp.*,
    755 F.2d 20 (2d Cir. 1985) ......................................................................35

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*,
    214 F.3d 872 (7th Cir. 2000) ....................................................................41

*Munoz-Nagel v. Guess, Inc.*,
    No. 12-cv-1312, 2013 WL 1809772 (S.D.N.Y. April 30, 2013)............18, 47, 49

*Nichols v. Frederick J. Hanna & Associates, PC*,
    760 F. Supp.2d 275 (N.D.N.Y. 2011)......................................................27

*Pearl v. City of Long Beach*,
    296 F.3d 76 (2d Cir. 2002) ......................................................................35

*Petit v. Retrieval Masters Creditors Bureau, Inc.*,
    211 F.3d 1057 (7th Cir. 2000).......................................................... 19-20

*Pifko v. CCB Credit Services, Inc.*,
    No. 09-3057, 2010 WL 2771832 (E.D.N.Y. July 7, 2010) ................................42

*Pipiles v. Credit Bureau of Lockport, Inc.*,
    886 F.2d 22 (2d Cir. 1989) ......................................................................26

*Russell v. Equifax*,
    74 F.3d 30 (2d Cir. 1996) ........................................................................20

*Scantek Med., Inc. v. Sabella*,
    582 F. Supp.2d 472 (S.D.N.Y. 2008) ......................................................39

*Schefer v. ARM Receivable Management, Inc.*,
    09-11666 2011 WL 2847768 (D. Mass. July 19, 2012)....................................42

*Smith v. McGinnis*,
    208 F.3d 13 (2d Cir. 2000) ......................................................................34

*State of N.Y. v. Hendrickson Bros, Inc.*,
    840 F.2d 1065, 1083 (2d Cir. 1988) ........................................................36

*Suellen v. Mercantile Adjustment Bureau, LLC*,
    No. 12-CV-0916, 2012 WL 2849651 (N.D. Cal. June 12, 2012) ....................45

*Victori v. Accelarated Bureau of Collections of Ohio, Inc.*,
    No. 96-0263, 1997 WL 9788 (W.D.N.Y. Jan. 2, 1997) ....................................34

*Wade v. Rosenthal, Stein & Associates, LLC*,
    No. 11-cv-15672, 2012 WL 3764291 (E.D.N.Y. Aug, 29, 2012)................34, 37

*Weiss v. Zwicker & Assocs.*,
    664 F. Supp. 2d 214 (E.D.N.Y. 2009) ..............................................................42

*Zoo Holdings, LLC v. Clinton*,
    11 Misc.3d 1051(A), 814 N.Y.S.2d 893 (N.Y. Sup. Ct. 2006) ..........................39

## STATUTES

15 U.S.C. 1692, *et seq.* ........................................................................................1

15 U.S.C. § 1692e ..................................................................................passim

15 U.S.C. § 1692f..........................................................................13, 14, 37

15 U.S.C. § 1692g ...................................................................................passim

15 U.S.C. § 1692k .............................................................................4, 20, 32

18 U.S.C. § 1961, *et seq.*, .........................................................................2, 4

28 U.S.C. § 1331 ........................................................................................4

New York Banking Law § 14-a ...............................................................37

New York General Business Law § 349...............................................6, 14

New York General Obligation Law § 5–501, *et seq.* ................................2, 6, 14, 38

New York Penal Law §§ 190.40 and 190.42...........................................37, 39

## OTHER AUTHORITIES

Fed. R. App. P. 3(b)(2)..............................................................................8

Fed. R. Civ. P. 15(c)(1)(B) ........................................................................33

Fed. R. Civ P. 12(b)(6)........................................................................passim

Fed. R. Civ. P. 12(c)...............................................................................5

Fed. R. Civ. P. (15)(c).........................................................................32

Second Circuit Local Rule 31.2 ..............................................................8

Eastern District Local Rule 50.3.1 ..........................................................7

## PRELIMINARY STATEMENT

Defendants-Appellees Riexinger & Associates, LLC ("Riexinger LLC"), Stephen P. Riexinger ("Riexinger"), Crown Asset Management LLC ("Crown Asset"), and Bureaus Investment Group Portfolio No. 15, LLC ("BIG 15") (collectively "Defendants" or "Appellees") respectfully submit this Brief of Appellees in opposition to the consolidated appeal of Plaintiffs-Appellants Annmarie Avila ("Avila") and Sara Elrod ("Elrod") (collectively "Plaintiffs" or "Appellants"). Plaintiffs appeal from the Memorandum and Order of the United States District Court for the Eastern District of New York (Hon. Raymond J. Dearie, U.S.D.J.), docketed April 14, 2015 (the "Order") and the Clerk's Judgment, docketed the same date. A60-81, 82, 83, 110.[1]

The district court's Order (reported unofficially at Nos. 13-cv-4349, 14-cv-2740, 2015 WL 1731542 (E.D.N.Y. April 14, 2015)) dismissed, with prejudice, Plaintiffs' purported class action complaints in two actions, pursuant to Rule 12(b)(6). Fed. R. Civ. P. The dismissal encompassed the numerous claims asserted by Avila and by Elrod under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, and Plaintiff Avila's additional, claims under the Racketeer Influenced and Corrupt

---

[1] "A___" as used herein refers to the Joint Appendix filed in these consolidated appeals.

Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, New York General Business Law § 349, and New York General Obligations Law §§ 5-501, *et seq.*

On appeal, Plaintiffs Avila and Elrod only contest dismissal of certain claims under the FDCPA. They have explicitly abandoned any and all non-FDCPA claims. *See* Brief of Appellants at 9. Specifically, both Avila and Elrod appeal the dismissal of their claims under FDCPA § 1692e, concerning purported false or misleading representations contained in debt collection letters. In addition, Avila appeals dismissal of her separate claims under FDCPA § 1692f, concerning purported unfair practices, and under § 1692g(a)(1) and (2), concerning information that must be included in an initial debt collection communication. *See* Brief of Appellants at 3 and 18-26. For reasons stated more fully below, this Court should affirm the district court's Order in all respects.

Each Plaintiff is a debtor whose entire FDCPA action rests on representations purportedly made in or omitted from a single one-page debt collection letter, which each Plaintiff received from the same debt collector, Defendant Riexinger LLC. The district court properly found that Plaintiffs failed to assert any plausible claim for relief under the FDCPA.

The district court correctly found that the two virtually-identical debt collection letters did not contain any false, deceptive or misleading representations and, therefore, properly held that, as a matter of law, there was no violation of FDCPA § 1692e. Likewise, the district court properly dismissed any claims made by Plaintiff Avila under FDCPA § 1692f, alleging unfair practices, because the claims were barred by the applicable one-year statute of limitation and were, in any event, without merit.

Finally, the district court properly dismissed Plaintiff Avila's claims based on violations of FDCPA § 1692g(a)(1) and (2), because the debt collection letters contained all of the information required by these provisions. The debt collection letter set forth the amount of debt currently owed and also identified the current creditor.

## COUNTER STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.    Did the district court properly dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ P., the claims by Avila and Elrod that Defendants made false or misleading misrepresentations, in violation of FDCPA § 1692e?

Proposed Answer: Yes.

2.    Did the district court properly dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ P., the claims by Avila that the Avila Defendants

engaged in unfair practices, in violation of FDCPA § 1692f?

Proposed Answer: Yes.

3. Did the district court properly dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ P., the claims by Avila that the Avila Defendants failed to provide information required to be disclosed under FDCPA § 1692g?

Proposed Answer: Yes.

4. Does Avila's first amended complaint and Elrod's complaint fail to state any plausible claim for relief under the FDCPA against Crown Asset and BIG 15, respectively, where neither Defendant is identified in the debt collection letter as the debt collector or as a party sending the letter to Plaintiff?

Proposed Answer: Yes.

## **JURISDICTION**

Defendants-Appellees agree that Plaintiffs-Appellants' consolidated appeals are timely and this Court has jurisdiction under 28 U.S.C. § 1291. The district court had jurisdiction over Plaintiffs' claims below under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

## STATEMENT OF THE CASE

### A.    Procedural History

Plaintiffs appeal from the April 14, 2015 Order and the Clerk's Judgment entered in the United States District Court for the Eastern District of New York, dismissing each Plaintiff's purported class action for failure to state a plausible claim for relief, pursuant to Rule 12(b)(6).

On July 31, 2013, Plaintiff Avila filed a purported class action complaint against defendants Riexinger LLC, Riexinger, and Crown Asset (collectively "Avila Defendants"), claiming violations of the FDCPA based on a debt collection letter she received from Defendant Riexinger LLC. *See* A3 (docket entry 1). The action was assigned to District Judge Dearie. *See* A1. On September 27, 2013, the Avila Defendants answered the complaint. *See* A4 (docket entry 10).

On January 17, 2014, the Avila Defendants requested a pre-motion conference to seek leave to file a motion for judgment on the pleadings pursuant to Rule 12(c). *See* A5 (docket entry 17). At the conference on February 19, 2014, Plaintiff, in anticipation of the Avila Defendants' motion, requested, and was granted, leave to file an amended complaint. *See* A6 (docket entry 22).

Avila filed her amended complaint on March 3, 2014, claiming the debt collection letter she received violated §§ 1692e, 1692f, 1692g and 1692j of the FDCPA, as well as N.Y. General Business Law § 349, N.Y. General Obligations Law 5-501, *et seq.* and RICO. A13-59. In this pleading, she alleged for the first time that the Avila Defendants were charging usurious interest rates. *See, e.g.,* A19-20, 25-27, 29 and 39 (¶'s 41-42, 80-90, 100-106, 146). On April 18, 2014, the Avila Defendants moved to dismiss the entire amended complaint, and the motion was fully briefed and submitted for determination on June 3, 2014. *See* A6-7 (docket entries 26-31).

On May 1, 2014, Plaintiff Elrod filed a class action complaint against Riexinger LLC, Riexinger, and BIG 15 (collectively "Elrod Defendants"), claiming violations of FDCPA § 1692e and § 1692g in connection with a debt collection letter that she, too, had received from Riexinger LLC. A86-107; *see* A10 (docket entry 1). Counsel of record for Elrod was also counsel of record for Avila. *See* A1, 9, 56, 107. The Elrod case was initially assigned to the Hon. Kiyo A. Matsumoto. *See* A10 (5/2/14 unnumbered docket entry).

On June 30, 2014, the Elrod Defendants requested a pre-motion conference in order to seek leave to file a motion to dismiss her complaint

pursuant to Rule 12(b)(6). *See* A10 (docket entry 5). Shortly thereafter, on July 2, 2014, the Elrod Defendants also docketed a letter with the Clerk of Court to advise that pursuant to Eastern District Local Rule 50.3.1, the cases brought by Avila and Elrod actions should be deemed related matters. *See* A10 (docket entry 6). After further submissions, the Elrod and Avila cases were deemed related, and the Elrod action was reassigned to Judge Dearie on or about July 14, 2014. *See* A7 (docket entries 32-35) and A10-11 (docket entries 7-8 and 7/11/14 unnumbered docket entry).

On August 20, 2014, the Elrod Defendants were granted leave to file a motion to dismiss the Elrod complaint. A11 (docket entry 10). Their motion was fully briefed and submitted for the court's determination on December 23, 2014. *See* A11 (docket entries 11-16).

On April 14, 2015, Judge Dearie issued a Memorandum and Order dismissing the consolidated class actions in their entirety, pursuant to Rule 12(b)(6), for failure to state a plausible claim for relief. A60-81. A Clerk's Judgment was entered dismissing the consolidated actions the same day. A82.

Avila filed a notice of appeal on May 13, 2015, and Elrod filed a separate notice of appeal on May 14, 2015. A83, 110; *see also* A7 (docket entry 38) and A12 (docket entry 19). Accordingly, this Court docketed the

appeals separately. *See* case no. 15-1584 (Avila) and case no. 15-1597 (Elrod). Soon thereafter, each of these appeals was placed on the Court's expedited calendar pursuant to Second Circuit Local Rule 31.2. *See* case no. 15-1584 (docket entry 30); case no. 15-1597 (docket entry 30).

On June 10, 2015, the Defendants filed unopposed motions to consolidate the two appeals, pursuant to Rule 3(b)(2), Fed. R. App. P., on the ground that consolidation would be both efficient and equitable for disposition of the appeals. *See* case no. 15-1584 (docket entry 34) and case no. 15-1597 (docket entry 34). This Court granted the motion on June 17, 2015, and the two appeals are now being heard as a single consolidated appeal. *See* case no. 15-1584 (docket entry 39).

### B. Plaintiff Avila's Pertinent Allegations

Notwithstanding her far-ranging claims, Plaintiff Avila's action rests entirely on a single one-page debt collection letter she received, dated 08/02/12. *See* A21 (¶'s 53, 59 (Exhibit A to first amended complaint). The unsigned debt collection letter, sent on Riexinger LLC letterhead, concerns an outstanding financial obligation as to which Wells Fargo is described as the originating creditor and Crown Asset is identified as the current creditor. *Id.* The Avila letter states, in part, as follows:

File no:             91_____
Account #:        577442198277_____
Current Balance:  $1,845.31

Dear Annmarie Avila,

The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, the current creditor of the above referenced account which originated with WELLS FARGO. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this officer at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

                    *       *       *       *

Sincerely,

[no signature]

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

Riexinger & Associates, LLC is acting as a debt collector and this is a communication from a debt collector, as defined by 15 U.S.C. § 1692(A)(6). This is an attempt to collect a debt and any information obtained will be used for that purpose.

A59.

Avila's first amended complaint -- consisting of 45-pages and 233
numbered paragraphs (excluding her prayer for relief and exhibit) -- does not
(and cannot) allege that she made any payments of any kind after receiving
this letter. *See* A13-56 and 59. Avila does not (and cannot) allege she
received any further communication from any of the Avila Defendants -- or
that she instituted any communication with any Avila Defendant -- regarding
either the letter or the debt described therein. *Id.* Avila does not (and
cannot) allege that any of the Defendants took any other action against her
regarding the debt. *Id.* And Avila does not deny that she was in default on
the debt described. *Id.*

In addition, Avila does not allege any facts showing that she sustained
any monetary loss, or suffered any other concrete economic damage, as a
result of this single debt collection letter. *See* A13-56 and 59. Moreover,
although Plaintiff alleges the Avila Defendants sought to collect a usurious
rate of interest on her debt (which is not so), Avila does not (and cannot)
allege to have paid any of this supposed excessive interest. *See id.*

## C.     Plaintiff Elrod's Pertinent Allegations

Plaintiff Elrod's action also rests entirely on a single one-page debt
collection letter, dated May 3, 2013 (the "Elrod debt collection letter"). *See*
A109. Like Avila, the Elrod debt collection letter is sent on Riexinger LLC

letterhead; it identifies the originating creditor as Capital One Card Services, Inc. and identifies the current creditor as BIG 15. *Id.* This letter is virtually identical to the Avila debt collection letter quoted above. *See* A109; *compare* A59. The wording of the Elrod letter differs only in the following respects: (1) it is addressed to Elrod (not Avila) and states that her current balance is $6,815.73; (2) it names Capital One Card Services, Inc. (not Wells Fargo) as the originating creditor, and it identifies BIG 15 (not Crown Asset Management) as the current creditor, and (3) near the bottom of the letter, the Elrod letter states "NY License Number 1414772." Otherwise, the two debt collection letters are virtually the same. *Compare* A109 *with* A59. [2]

Although the Elrod complaint is 22 pages long, with 121 numbered paragraphs (excluding the prayer for relief and the exhibit), Elrod does not allege that her ability to challenge her debt was impaired in any way as a result of having received the debt collection letter. *See* A86-107, 109. Likewise, Elrod does not (and cannot) allege that she made any payments of any kind after receiving the debt collection letter. *Id.* Elrod does not allege she received any further communication from any of the Elrod Defendants regarding either the letter or the debt described therein. *Id.* She does not (and

---

[2] The debt collection letter attached to Avila's first amended complaint is of poor quality. *See* A59. The debt collection letter attached to Elrod's complaint, on the other hand, is a clear copy and the language, as noted in text above, is virtually identical to the Avila letter. *See* A109. The district court's Order also reprints the Avila debt collection letter in its entirety. *See* A61-62.

cannot) allege that any of the Elrod Defendants took any other action against her regarding the debt. *Id.* And Plaintiff Elrod does not deny that she was in default on the debt described. *Id.*

### D.    The District Court's Order

The district court's Order dismissed Plaintiffs' consolidated class actions with prejudice for failure to state a claim as a matter of law under Rule 12(b)(6). A60-81.

The district court initially addressed and dismissed the claims brought by both Plaintiffs under § 1692e(3) of the FDCPA, which prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." A65-66. The district court dismissed these FDCPA claims because the debt collection letters contained a clear disclaimer as to the level of attorney involvement; indeed, it is the same disclaimer that was approved by this Court in *Greco v. Trauner, Cohen and & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005). A65-66.

Next, the district court dismissed Plaintiffs' claims under FDCPA § 1692e(5), which prohibits the threatening of legal action that cannot legally be taken or that is not intended to be taken, finding that the debt collection letters did not contain the requisite threatening language.   A66-68. And because these claims failed as a matter of law, the district court also

dismissed Plaintiffs' claims under § 1692e(10), as they were duplicative of Plaintiff's claims under FDCPA § 1692e(3) and (5). A68-69.

Second, the district court dismissed all claims brought under § 1692g(a)(1), (2) and (3) of the FDCPA. A69-74. Those provisions require debt collectors, in their initial communication with the consumer, *inter alia*, to (1) identify the amount of the debt, (2) identify the name of the creditor to whom the debt is owed, and (3) provide a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." FDCPA § 1692g(a)(1), (2) and (3). The district court found that the two debt collection letters comported with these requirements as a matter of law, and that there were insufficient factual allegations to plausibly suggest otherwise. A69-74.

Third, the district court dismissed Plaintiff Avila's claims under FDCPA § 1692f, which prohibits using any unfair or unconscionable means to collect or attempt to collect on a debt, and under § 1692f(1), which prohibits charging interest and fees not authorized by an agreement or permitted by law. A74-76. It did so on the ground that Avila's first amended complaint belatedly asserted claims that were time-barred and could not be saved by the relation-back doctrine or equitable tolling. *Id.*

13

Fourth, the district court dismissed Avila's claim under § 1692j, which prohibits a creditor from falsely creating the impression that a third party is involved in the debt collection process. A76-77. The court found that Avila's factual allegations were insufficient to establish any such violation, based on either a flat-rating or an alter ego theory. *Id*.

Fifth, the district court dismissed Avila's RICO claim on standing grounds, for failure to plead a violation of § 1962, and because this claim was abandoned in opposition to defendants' motion to dismiss below. A78.

Sixth, the district court dismissed Avila's claims based on a violation of New York General Business Law § 349, which mandates a showing that plaintiff's injury be a result of reliance on a materially deceptive act or practice. A78-79. The court found that no compensable injury or harm was alleged in connection with the receipt of the debt collection letter. *Id*.

Finally, the district court dismissed Avila's claims that the Avila Defendants had violated N. Y. General Obligations Law § 5–501, *et seq.*, by the purported charging, collecting, or attempting to collect interest in excess of the civil usury limit of 16 percent. A79-80. The court concluded that the civil usury laws do not apply to defaulted obligations. *Id.* To the extent a violation of New York's criminal usury laws was being alleged, that claim

14

was also dismissed because there is no private cause of action under the criminal usury statute in New York. A80, n. 6.

## SUMMARY OF ARGUMENT

Although the Plaintiffs collectively alleged more than ten separate claims in the district court under a grab-bag of federal and state statutes, Avila and Elrod are only pursuing appellate review of claims asserted under the FDCPA. Both Plaintiffs assert claims under FDCPA § 1692e, for false and misleading representations, and Avila also asserts FDCPA claims under § 1692f, for unfair practices, and under § 1692g, for failing to provide statutorily-required information about a consumer debt. All of the non-FDCPA claims have been explicitly abandoned. Brief of Appellants at 9.

The district court correctly held that the two, virtually-identical debt collection letters sent by Defendant Riexinger LLC to the Plaintiffs did not violate §§ 1692e, 1692f and 1692g of the FDCPA as a matter of law.

Insofar as § 1692e is concerned, the district court properly ruled that no violation of § 1692e(3) had occurred because the debt collection letters contained clear disclaimers as to the limited level of attorney involvement. In fact, the disclaimer in these cases contains the same language this Court upheld in *Greco*, 412 F.3d at 361-65, rejecting the plaintiff debtor's claim that defendants had violated § 1692e. *Id.*, 412 F.3d at 365. The district court

was equally correct to find no violation of § 1692e(5) because the debt collection letters did not contain any language that could be construed as threatening legal action. This Court has instructed that a threat of legal action must be "authorized, likely and imminent." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). By no stretch of the imagination could the letters at issue here, taken as a whole, be reasonably viewed to represent that legal action was likely or imminent against the debtor.

Avila purports to pursue on appeal a claim that the Avila Defendants violated FDCPA § 1692f by charging purportedly usurious interest rates. Her appeal brief, however, does not even address, much less dispute, the district court's decision that those claims are barred by the applicable one-year statute of limitation. As such, Avila has waived or abandoned her right to dispute that ruling on appeal. And, in any event, the district court properly found that those claims were time-barred. The claims were also properly dismissed because Avila cannot establish that the purported amount of interest charged on her consumer debt, which is in default, was impermissible.

Avila's claims under § 1692g were properly dismissed because the debt collection letter: (1) complied with § 1692g(a)(1) by identifying the

16

current balance due (it was not required to do anything more); and (2) complied with § 1692g(a)(2) because it disclosed the current creditor (and Avila failed to plead facts which would plausibly suggest otherwise).

Finally, Defendants Crown Asset and BIG 15 are entitled to dismissal of all FDCPA claims asserted against them because the factual allegations simply do not permit a plausible argument that these Defendants are "debt collectors" who are responsible for what is contained in, or omitted from, the debt collection letters received by Plaintiffs, which provide the sole basis for Plaintiffs' claims.

## APPLICABLE STANDARDS OF REVIEW

### A.     Standard of Appellate Review

This Court reviews the district court's grant of the motions to dismiss *de novo* and may affirm the dismissal of the complaints on any basis supported by the record. *See Coulter v. Morgan Stanley & Co. Inc.,* 753 F.3d 361, 366 (2d Cir. 2014).

### B.     Standard of Review for Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Court must to accept all well-pleaded factual allegations in the complaint as true and draw all reasonable factual inferences in Plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen, Inc*., 496 F.3d 229, 237 (2d Cir. 2007). But Plaintiffs cannot rely on labels and conclusions, or formulaic or threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. Moreover, though a plaintiff may plead facts alleged upon information and belief, when the belief is based on factual information that makes an inference of culpability plausible, the allegations must be accompanied by a statement of the facts upon which the belief is founded. *See Munoz-Nagel v. Guess, Inc*., No. 12-cv-1312, 2013 WL 1809772, *3 (S.D.N.Y. April 30,

2013); *see also Akoundi v. FMS, Inc.*, No. 14–cv–366, 2014 WL 6603916, *1 (S.D.N.Y. Nov. 14, 2014) (*quoting Munoz-Nagel*).

## C.    Standards Applicable to FDCPA Claims

In this Circuit, courts use the "least sophisticated consumer" test to determine whether a debt collection letter is deceptive or misleading for purposes of liability under FDCPA. *Clomon v. Ackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993). Collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. *Easterling v. Collecto*, 692 F.3d 229, 233 (2d Cir. 2012) (*quoting Clomon*). The FDCPA protections do not, however, expose debt collectors to liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon,* 988 F.2d at 1319. The least sophisticated consumer  "is neither irrational nor a dolt." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Although "not as learned as judges or attorneys," the least sophisticated consumer is "presumed to have 'rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence,' and is capable of making basic logical deductions and inferences.'" *Kahen-Kashani v. National Action Financial Services, Inc.*, No. 03cv828, 2004 WL 1040384, *3 (W.D.N.Y. April 12, 2004) (*quoting Petit v. Retrieval Masters Creditors Bureau, Inc.*

211 F.3d 1057, 1060 (7th Cir. 2000)). Because the least sophisticated consumer standard is an objective one, the determination of how the least sophisticated consumer would view language in a collection letter is a question of law for the Court. *See Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, 59 F. Supp.3d 617, 642 (S.D.N.Y. 2014) (and cases cited therein).

## ARGUMENT

## POINT I

## THE DISTRICT COURT PROPERLY DISMISSED CLAIMS BY PLAINTIFFS AVILA AND ELROD THAT DEFENDANTS MADE FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF FDCPA § 1692e

Congress enacted the FDCPA to eradicate abusive debt collection practices by debt collectors and, to that end, granted a private right of action to consumers who receive communications that violate the Act. *See Russell v. Equifax*, 74 F.3d 30, 33 (2d Cir. 1996); 15 U.S.C. § 1692k. The provisions of the FDCPA have been interpreted and applied by this Court to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd," and -- concomitantly -- to "protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon,* 988 F.2d at 1318, 1320.

On appeal, the principal thrust of the Plaintiffs' FDCPA arguments is that the two virtually-identical debt collection letters sent by Defendant Riexinger & Associates LLC, as the debt collector, are false and misleading in violation of FDCPA § 1692e. *See* Brief of Appellants at 18-25. Their argument turns a blind eye to the case law in this Circuit, including, most prominently, this Court's decision in *Greco*, which completely undermines Plaintiffs' claims. In this case, the FDCPA, as construed and applied by the courts, serves to protect the Defendants against the claims by Plaintiffs, which can only be characterized as unreasonably idiosyncratic, if not bizarre, interpretations of the relevant collection notices.

### A. § 1692e(3) was not violated because the debt collection letters contained clear prominent disclaimers as to the level of attorney involvement

Under the FDCPA, an attorney may participate in the debt collection process, but the attorney cannot mislead the debtor regarding the level of attorney involvement in the debt collection process. *See* 15 U.S.C. § 1692e(3). In other words, an attorney who is not "meaningfully involved" in the collection process may send a debt collection letter, "so long as that letter includes *disclaimers* that should make clear to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." *Greco*, 412 F.3d at 364

(emphasis in original). In *Greco*, this Court found no violation of § 1692e(3) because the letter in question did not bear an attorney's signature and contained the requisite "clear disclaimer." *Id*.; *compare Clomon*, 988 F.2d at 1321 (an attorney's signature on the collection letter implies the individual formed an opinion on how to manage the particular debtor's case).

The district court correctly held that the debt collection letters did not objectively mislead the least sophisticated consumer as to the level of attorney involvement. Both debt collection letters were unsigned and contained an express disclaimer that is *identical* to the disclaimer upheld by this Court in *Greco*, stating that. "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *See* A59, 109. Accordingly, here, as in *Greco*, "the least sophisticated consumer, upon reading [the debt collection letter], must be taken to understand that no attorney has yet evaluated . . . her case, or made recommendations regarding the validity of the creditor's claims." *See Greco*, 412 F.3d at 364.

In the face of *Greco*, Plaintiffs Avila and Elrod try to spin a series of tenuous arguments -- all lacking in merit -- for why the district court purportedly erred in finding the debt collection letters did not violate § 1692e(3). Plaintiffs first contend that the debt collection letters violated §

1692e(3) because they did not make it clear that Mr. Riexinger and the law firm Riexinger LLC were acting purely as debt collectors, and that they will never act in the capacity of an attorney with respect to collecting these debts. *See* Brief of Appellants at 20-25. This argument, however, plainly misconstrues the FDCPA and its requirements, and was properly rejected below. To be clear, under the FDCPA, all that is required is that the *level* of attorney involvement, in connection with the communication or transmission at issue, not be misleading. *See Greco*, 412 F.3d at 364 ("[a]ttorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is *not misleading*.") (emphasis in original). And here, the level of attorney involvement was not misleading, given the clear disclaimer contained in the letters, the same disclaimer that was explicitly upheld by this Court in *Greco*.

Second, Plaintiffs contend that the disclaimer itself was misleading as it falsely implies "the possibility of meaningful involvement" by an attorney "at a later time." *See* Brief of Appellants at 22-23. This contention borders on the frivolous. Here, as in *Greco*, the disclaimer simply states that "[*a*]*t this time*, no attorney with this firm has personally reviewed the particular circumstances of your account." A59, 109 (emphasis added); *see Greco,* 412 F.3d at 361, 364. In other words, the disclaimer expressly sets forth the

current level of attorney involvement (as required under the FDCPA) and says nothing about what may happen "at a later time." Plainly, the Plaintiffs are trying to convert the disclaimer's clear language into misleading language, which no objectively reasonable consumer, not even the least sophisticated consumer, would do. *See Clomon*, 988 F.2d at 1320 (the FDCPA does not aid plaintiffs whose claims are based on "bizarre or idiosyncratic interpretations of collection notices").

Third, Plaintiffs contend that the language used in the body of the debt collection letters, such as "law firm representing," "client," "such action as necessary" and "additional remedies" (which are all consistent with things that lawyers do), somehow overshadows or contradicts the clear disclaimers as to the level of attorney involvement. *See* Brief of Appellants at 23. This argument is also without merit. Once again, the very same language that Avila and Elrod complain about was also used in the body of the debt collection letter at issue in *Greco*, and upon reviewing the letter as a whole, the Second Circuit flatly ruled that "[n]othing else in the letter confused or contravened th[e] disclaimer of attorney involvement." *See Greco*, 412 F.3d at 361, 365.

Finally, the case law relied upon by Plaintiffs in their appeal brief, namely *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009), and *Lesher v.*

*Mitchell N. Kay*, 650 F.3d 993 (3d Cir. 2011), is clearly inapposite and was properly distinguished by the district court below. *See* Brief of Appellants at 22. The disclaimers at issue in *Gonzalez* and *Lesher* were *not* prominently placed on the front page of the debt collection letters, as was done both here and in *Greco*. Rather, the disclaimer in both *Gonzalez* and *Lesher* was buried on the back side of the letter -- even though in each case there was ample room to include the disclaimer on the front page of the letter. *See Lesher v. Mitchell N. Kay*, 650 F.3d 993, 1003 (3d Cir. 2011) ("Nor do we believe that the disclaimers included in the letters, *which are printed on the backs*, make clear to the least sophisticated debtor that the Kay Law Firm is acting solely as a debt collector and not in any legal capacity in sending the letters.") (emphasis added); *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) (finding a violation of the FDCPA may have occurred given that the letter was printed on the law firm's letterhead, and, only, *on the back*, did the letter indicate that it was from a "debt collector").

In sum, the district court properly determined that the debt collection letters were not false or misleading in violation of § 1692e(3). Each letter contained an appropriate disclaimer and was not misleading as to the level of attorney involvement. *See* A65-66.

**B.** **§ 1692e(5) was not violated because the debt collection letters do not threaten to take any action, let alone any legal action, that is not intended to be taken**

FDCPA § 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Accordingly, it must first be determined whether the defendant actually threatened to take action. If so, it must then be determined whether the defendant could have legally taken such action. Moreover, the threatened legal action considered must be interpreted to be "authorized, likely and imminent." *Bentley*, 6 F.3d at 62. In other words, the language of the communication, as a whole, must leave the unsophisticated reader with the impression that "some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989).

On appeal, Plaintiffs contend (without citing any case law for their position) that a violation of § 1692e(5) has occurred, because the debt collection letters stated: (1) Riexinger & Associates LLC "will take such action as necessary" to protect their client, and (2) it "may consider additional remedies" if Elrod/Avila fail to contact Riexinger & Associates LLC. *See* Brief of Appellants at 23, 25; *see also* A59, 109.

26

The district court, however, properly determined that these statements do not and cannot be found to constitute a threat for purposes of the FDCPA. The statements Plaintiffs complain about do nothing more than advise the consumer that there are a variety of options available to the creditor/debt collector that *may* be considered, should the debtor refuse to cooperate (by contacting Riexinger LLC). *See Nichols v. Frederick J. Hanna & Associates, PC*, 760 F. Supp.2d 275, 280 (N.D.N.Y. 2011) ("A letter that merely advises that the creditor has various options to pursue if the debtor fails to make payment does not constitute a threat."); *see also Madonna v. Academy Collection Serv.*, No. 95-0875, 1997 WL 530101, at *1, 6 (D. Conn. Aug. 12, 1997) (finding that the "[f]ailure to comply *may* result in our informing our client that you have refused to cooperate, they may choose to pursue legal action" does not violate sections 1692e(5) and 1692e(10) (emphasis in original)); *Knowles v. Credit Bureau of Rochester*, No. 91-0148, 1992 WL 131107, at *1–2 (W.D.N.Y. May 28, 1992) (concluding that the statement, "FAILURE TO PAY WILL LEAVE OUR CLIENT NO CHOICE BUT TO CONSIDER LEGAL ACTION" does not constitute a threat).

Moreover, the debt collection letters at issue contain absolutely no mention of litigation, or any other terms threatening a legal action, let alone

suggesting a legal action was imminent. *See* A59, 109. Therefore, upon viewing the debt collection letter as a whole, even the least sophisticated consumer could not reasonably interpret it to have been a threat of "authorized, likely and imminent" litigation. *See Bentley*, 6 F.3d at 62.

Thus, the district court properly determined that there was no violation of § 1692e(5). *See* A66-68.

## C. Elrod has not and cannot establish a violation of § 1692e due to the inclusion of the "NY License Number" in her debt collection letter

Plaintiff Elrod claims § 1692e was violated for yet another reason, specifically, the inclusion of "NY License Number 1414772" in her debt collection letter. She contends that the inclusion of the license number falsely indicates that Riexinger is licensed to practice law in the State of New York (when he is not) – and, in any event, that the NY license number in and of itself constitutes a false statement because it refers to a license number issued by New York City Department of Consumer Affairs, not the State of New York. *See* Brief of Appellants at 23-24.

Elrod's contentions are without merit. To begin with, Elrod's argument is strained beyond all reason. The mere inclusion of (accurate) information about the debt collector's New York City Department of Consumer Affairs license number does not remotely mislead a reader into

thinking the sender is representing that it is admitted to practice law in New York State.

In addition, in this Circuit, false or misleading statements do not come within the ambit of § 1692e unless such statements are material, meaning that the statement would "influence a consumer's decision or ability to pay or challenge a debt." *Akoundi v. FMS, Inc.*, No. 14 Civ. 366, 2014 WL 3632008, at *3 (S.D.N.Y. July 22, 2014) (and cases cited therein); *see also Castro v. Green Tree Servicing LLC*, 959 F. Supp.2d 698, 710-11 (S.D.N.Y.) (and cases cited therein); *Klein v. Solomon & Solomon, P.C.*, No. 10-1800, 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011) (a statement may be false in some technical sense, but does not violate the statute unless it would mislead the unsophisticated consumer. . . Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt."); *Gabrielle v. Law Office of Martha Croog*, No. 10-cv-1798, 2012 WL 460264, at *2 (D. Conn. Feb. 9, 2012) ("Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading."), *aff'd*, *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed. Appx. 89, 94 (2d Cir. 2012) (citing cases); *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp.2d 382, 389 (E.D.N.Y. 2011); *Hasbrouck v. Arrow Fin. Services LLC*, No. 09-cv-0748, 2011 WL 1899250, at * 4 (N.D.N.Y. May

19, 2011) ("Moreover, there is a materiality requirement for allegedly false statements under § 1692e."); *Corazzini v. Litton Loan Servicing LLP*, No. 09-cv-0199, 2010 WL 6787231, at \*7 (N.D.N.Y. June 15, 2010) ("plaintiff has failed to establish that the alleged false statement was material to her decision to pay her debt or that it impaired her ability to challenge the debt.").

Here, even assuming, *arguendo,* that the presence of the NY License Number is misleading and/or somehow constitutes a false statement (and it does not), the inclusion of the license number simply had no bearing on Elrod's decision or ability to pay or to challenge her debt. Indeed, she does not allege to have paid her debt, and likewise, she does not allege that the inclusion of the license number somehow impaired her ability to challenge her underlying debt. Therefore, whether the inclusion of the license number was false or misleading is immaterial, and necessarily does not and cannot amount to a violation of § 1692(e). *See Hasbrouck*, 2011 WL 1899250, at \*4 (explaining that imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest under the FDCPA and only increases the cost of credit by subjecting debt collectors to frivolous claims).

In sum, any claims by Elrod regarding the inclusion of the NY license number were properly dismissed below. *See* A65-66.[3]

## POINT II

### THE DISTRICT COURT PROPERLY DISMISSED AVILA'S CLAIMS THAT THE AVILA DEFENDANTS ENGAGED IN UNFAIR PRACTICES IN VIOLATION <u>OF FDCPA § 1692f</u>

On appeal, Avila makes an abbreviated argument that the Avila Defendants violated FDCPA § 1692f by purportedly charging a usurious interest rate. Brief of Appellants at 25. For numerous reasons, this argument, like the others, is meritless.

### A.     Avila's usury claim has been waived or abandoned

Plaintiff Avila first asserted a usury claim in her first amended complaint, filed more than one and one-half years after she received the complained-of debt collection letter. *See* A6 (docket entry 23, filed 3/3/14). The district court disposed of these excessive interest claims on the grounds that they were time-barred under the FDCPA's one-year statute of limitation. A74-76.

In her appeal brief, Plaintiff Avila fails to mention, let alone challenge, the district court's determination that her claims regarding

---

[3] Although Plaintiffs also cite subsections (1), (9) and (10) of § 1692e, those subsections add nothing to their failed arguments under § 1692e(3) and(5). *See* Brief of Appellants at 23, 25.

excessive interest are time-barred. *See* Brief of Appellants at 12, 25-26.[4]

Because her opening brief does not even address the district court's

determination, she must be deemed to have abandoned, or waived, any

opposition to the court's determination of this issue. *See JP Morgan Chase

Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.

2005) ("[A]rguments not made in an appellant's opening brief are waived

even if the appellant pursued those arguments in the district court or raised

them in a reply brief."). Accordingly, Avila cannot dispute she is time-

barred from raising the usury argument on appeal.

### B. Avila's belatedly-raised claims concerning excessive interest are time-barred

In any event, the district court properly determined that Avila's claims

concerning excessive interest are time-barred. The statute of limitations for

claims brought under the FDCPA is one year. 15 U.S.C. § 1692k(d) ("An

action to enforce any liability created by this title [*i.e.*, the FDCPA] may be

brought . . . within one year from the date on which the violation occurs.").

---

[4] Avila also chose not to include her original complaint in the Joint Appendix. That would have been a very relevant document to include if Avila had intended to challenge the district court's determination that her belatedly-asserted usury claim was time-barred. The district court's decision on this issue (A74-76) necessarily turned on whether the usury claim "related back" to conduct, transaction, or occurrence set out in Avila's original complaint. *See* Rule 15(c), Fed. R. Civ. P.

[6] With respect to her usury argument, Avila also cites § 1692e (*see* Brief of Appellants at 26) but that – once again – adds nothing to her failed argument based on § 1692f, as just explained.

Thus, Plaintiff had one year from receipt of her debt collection letter in August of 2012 (when she was advised of her "current balance") to bring this specific claim. She failed to do so.

Instead, she alleged this claim for this first time in her amended complaint on March 3, 2014. And she then tried to save her belated claim by contending the relation-back doctrine should render any such claim timely. *See* Rule 15(c)(1)(B), Fed. R. Civ. P. ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."). In support of this contention, Avila asserted that because her new claim was based on the same debt collection letter appended to her initial complaint, Defendants were given adequate notice of this claim – *i.e.,* Defendants necessarily knew they were being sued for any and all possible FDCPA violations, including one based on charging excessive interest.

The district court properly determined that Avila could not avail herself of the relation-back doctrine in order to save her stale claim. Avila's original complaint made no allegations whatsoever that concerned purported excessive interest. *See* A3 (docket entry 1). Nor was there anything on the face of the debt collection letter that referred in any way to interest being

33

assessed on Avila's debt. Thus, any claim concerning purported excessive interest amounted to an act or transaction *separate and distinct from* the communication that was the subject of Avila's original complaint, *i.e.*, the debt collection letter. As such, Avila's original pleading did not and could not have provided the Avila Defendants with notice that she would be contesting the amount of interest being charged on her debt. *See Wade v. Rosenthal, Stein & Associates, LLC*, No. 11-cv-15672, 2012 WL 3764291, at \*2 (E.D.N.Y. Aug, 29, 2012) (because the "operative facts giving rise to the new claims are different" and the "manner in which the letters are alleged to constitute violations of the FDCPA" differed from the manner set forth in the original complaint, there was no relation back); *Victori v. Accelerated Bureau of Collections of Ohio, Inc.*, No. 96-0263, 1997 WL 9788, at \*2 (W.D.N.Y. Jan. 2, 1997) (since plaintiff's "new claims . . . do not arise from the conduct set forth in the original Complaint but are instead predicated on a distinct and separate  set of operative facts . . . the relation-back doctrine is inapplicable").

The district court also properly determined that Avila's time-barred claim regarding excessive interest could not be saved by equitable tolling. Equitable tolling applies only in the rare and exceptional circumstances, *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000), and the "burden of

34

demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir. 2000). In the Second Circuit, the doctrine will be applied "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights," *Pearl v. City of Long Beach,* 296 F.3d 76, 85 (2d Cir. 2002) (internal quotations omitted), which means "a situation where a plaintiff 'could show that it would have been *impossible* for a reasonably prudent person to learn' about his or her cause of action." *Id. (quoting Miller v. Int'l Telephone & Telegraph Corp.,* 755 F.2d 20, 24 (2d Cir. 1985) (emphasis in original)); *see Litle v. Arab Bank, PLC,* 507 F. Supp. 2d 267, 276 (E.D.N.Y. 2007).

Here, Avila tried to justify her tardy assertion of a §1692f claim by alleging that she was not aware, and through reasonable diligence could not have been aware, that the Avila Defendants were attempting to collect interest and/or usurious interest on her debt. According to Avila, "these facts were known only to the Defendants . . . and were concealed by them until October 29, 2013 the date the Plaintiff could have first known he [sic] was injured . . . []." A27-28 (¶'s 93-94).

However, where, as here, fraudulent concealment is offered as the basis for equitable tolling, the plaintiff is required to establish that: (1) the defendant wrongfully concealed material facts relating to its wrongdoing; (2)

the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) the plaintiff exercised due diligence in pursuing the discovery of the claim during the period they seek to have tolled. *Litle,* 507 F. Supp.2d at 276 (citing *Corcoran v. New York Power Auth.,* 202 F.3d 530, 543 (2d Cir. 1999) and *State of N.Y. v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1083 (2d Cir.1988)).

The district court properly determined that Avila had failed to plead facts which establish these elements. She did nothing more than assert, in a conclusory fashion, that the Avila Defendants concealed information from her regarding the interest sought to be collected, and that she could not have discovered this prior to October 2013. *See* A27-28 (¶'s 92-93). Beyond that, Avila's amended complaint utterly fails to offer any explanation as to why the amount of interest being collected could not have been discovered any earlier (*i.e.,* within the one year limitations period). And, unsurprisingly, the amended complaint is also devoid of facts reflecting any efforts undertaken by Avila to ascertain the nature of the interest being charged. In addition to these obvious deficiencies, Avila did not even allege that the Avila Defendants' alleged concealment of this purported information concerning her interest rate was wrongful – which she must allege in order to state a fraudulent concealment claim. Consequently, the district court correctly

determined that she was precluded her from taking advantage of the doctrine of equitable tolling. *See Wade*, 2012 WL 3764291.

## C. Avila cannot establish that the purported amount of interest charged on her debt was impermissible as a matter of law

Even if Avila's claims regarding excessive interest were not time-barred (and they are), they would still subject to dismissal.

FDCPA § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," and § 1962f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Here, Avila contends that the Avila Defendants attempted to collect interest in excess of 25% in violation of (1) the civil usury limit of 16% as set forth in N.Y. General Obligations Law § 5-501 and N.Y. Banking Law § 14-a, and (2) the criminal usury limit of 25% as set forth in New York Penal Law §§ 190.40 and 190.42. These contentions are devoid of merit.

First, to the extent that Avila's usury interest claim is based on a purported violation of New York's civil usury statutory provisions, it must be dismissed, for the simple reason that New York's civil usury statutes do

not apply to defaulted obligations. *See Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986) ("[U]sury law does not apply to defaulted obligations. Because interest was charged only on [defendant]'s past due debts, the usury laws do not apply.") (citations omitted); *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 565 (S.D.N.Y. 1994) ("Any penalty interest rates or late fees assessed against the Plaintiffs do not constitute usury, since New York's usury statutes do not apply to defaulted obligations."); *Miller Planning Corp. v. Wells*, 253 A.D.2d 859 (2d Dep't 1998) ("the defense of usury does not apply where, as here, the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum only after default or maturity"); *see In re McCoy*, 496 B.R. 678, 685 (E.D.N.Y. 2011) (rejecting the argument that the rate used in determining the late fees on unpaid maintenance charges is usurious in that it exceeds the legal limit of 16% per annum pursuant to N. Y. Gen. Obligations Law § 5–501 and N.Y. Banking Law 14–a). Accordingly, to the extent that Avila's excessive interest claim is based on a purported violation of New York's civil usury statutory provisions, it was properly dismissed below. Avila does not and cannot dispute that the debt collection letter concerns a defaulted obligation.

Plaintiff's claim based on a violation of New York's criminal usury statutes was also properly dismissed below. Under New York's criminal usury statute, N.Y. Penal Law § 190.40, a person is prohibited from knowingly charging interest on a loan at a rate exceeding 25% per annum. The criminal usury statute, however, does not provide for a private civil cause of action. *See Scantek Med., Inc. v. Sabella*, 582 F. Supp.2d 472, 474 (S.D.N.Y. 2008). Rather, in a civil matter, a party is only entitled to assert the criminal usury statute as an affirmative defense to a plaintiff's claim for repayment. *See Intima-Eighteen, Inc. v. A.H. Schreiber Co.,* 172 A.D.2d 456, 457 (1st Dep't 1991) ("The statutory exception for interest exceeding 25 percent per annum is strictly an affirmative defense to an action seeking repayment of a loan."). Accordingly, in a New York State Supreme Court case seeking a declaratory judgment that securities offerings were void as usurious loans, the court granted defendants' motion to dismiss stating, "[I]nsofar as the complaint seeks affirmative monetary [and declaratory] relief, Plaintiff improperly attempts to use a shield created by the Legislative as a sword." *Zoo Holdings, LLC v. Clinton,* 11 Misc.3d 1051(A), 814 N.Y.S.2d 893 (N.Y. Sup. Ct. 2006). Thus, it is clear that the Plaintiff cannot bring a civil claim (seeking affirmative relief) based on a violation of New York's criminal usury statutes.

To sum up, Plaintiff has failed to state a claim under FDCPA § 1692f and f(1). There was nothing "unfair or unconscionable" about the manner in which the Defendants sought to collect Plaintiff's debt.[6]

<h2 style="text-align:center">POINT III</h2>

<h3 style="text-align:center">THE DISTRICT COURT PROPERLY DISMISSED AVILA'S CLAIMS THAT THE AVILA DEFENDANTS FAILED TO PROVIDE INFORMATION REQUIRED TO BE DISCLOSED UNDER FDCPA § 1692g</h3>

Plaintiff Avila also offers attenuated arguments that the Avila Defendants violated FDCPA § 1692g by failing to provide information purportedly required by that provision. *See* Brief of Appellants at 26. Again, her contentions lack merit.

**A.    The Avila Defendants had no duty to warn Avila that her debt was accruing interest and, thus, there was no violation of § 1692g(a)(1)**

FDCPA § 1692g(a)(1) requires debt collectors, in their initial communication with the consumer, to state, *inter alia*, "the amount of the debt." 15 U.S.C. § 1692g(a)(1).   The debt collection letter sent to Avila, dated 08/02/2012, plainly and simply sets forth the amount of the debt -- "Current Balance: $1,845.31" -- at both the top of the letter *and*, *again*, at the very bottom of the letter, on the portion of the letter to be detached and returned with payment to Riexinger LLC. A59. The letter contains no other information that could reasonably be construed to contradict this

straightforward statement of the "current balance" -- or otherwise cloud it with uncertainty. *See, e.g., McStay v. I.C. System, Inc.*, 308 F.3d 188, 190 (2d Cir. 2002) (FDCPA § 1692g may be violated if a debt collection letter contains language that overshadows or contradicts other language informing the consumer of her rights) (quoting *Russell*, 74 F.3d at 34 ).

On appeal, Avila argues that the "Current Balance" disclosure in the debt collection letter "was not, in fact, the current balance due to *ongoing* interest," and, as a consequence, the letter violated § 1692g(a). Brief of Appellants at 26 (emphasis added). Avila does not claim that the letter states the incorrect "current balance" as of August 2, 2012, but rather that the letter was required to disclose, in addition, that "the balance was accruing interest that the Defendants would attempt to collect in the future." A28 (¶ 98). Thus, Avila asks this Court to read § 1692g(a) not simply to require the letter to disclose "the amount of the debt" as of the date of the letter, but also to require a disclose that the stated debt (unsurprisingly) may increase in the future due to interest charges.

On its face, FDCPA § 1692g contains no such additional disclosure obligation. All that must be disclosed is "the total amount due . . . on the date the [collection] letter was sent." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000); *see*

*Pifko v. CCB Credit Services, Inc.*, No. 09-3057, 2010 WL 2771832, at *3 (E.D.N.Y. July 7, 2010) (defendants "only had a duty to clearly state the amount of debt due" and additional language about further increases and charges may only mislead consumers); *Adlam v. FMS, Inc.*, No. 09-CV-9129, 2010 WL 1328958, at * 3 (S.D.N.Y. April 5, 2010) (""debt collectors must disclose the amount past due as of the date the letter is sent" but the FDCPA "does not require that a debt collection letter warn a consumer that the debt may increase."); *see also Schaefer v. ARM Receivable Management, Inc.*, No. 09-11666, 2011 WL 2847768, at *5 (D. Mass. July 19, 2012) (the FDCPA requires a debt collection letter to state "the amount of the debt" but "does not require the letter [to] advise that the consumer's debt may increase"); *cf., Weiss v. Zwicker & Assocs.*, 664 F. Supp.2d 214, 217 (E.D.N.Y. 2009) (observing that "even the most unsophisticated consumer would understand that credit card debt accrues interest.").

Avila ignores this case law, to say nothing of the plain wording of § 1692g(a)(1), and cites *Jones v. Midland Funding, LLC*, 755 F. Supp.2d 393 (D. Conn. 2010), claiming that when a debt is accruing interest, it is not enough to disclose the then current balance; the debt collector must also disclose that interest will continue to accrue as well as the interest rate. *See* Brief of Appellants at 26. Below, the district court properly rejected this

argument and declined to follow *Jones* for two reasons -- both of which

Avila fails to acknowledge, let alone address, in her brief to this Court:

> . . . First, the text of section 1692g(a)(1) only requires a
> disclosure of "the amount of the debt." Nothing in the FDCPA
> requires a debt collector to inform a consumer that the debt may
> increase because of interest. *See Adlam*, 2010 WL 1328958, at
> *3.
>
> Second, to comply with section 1692g(a), "[d]ebt collectors
> must state the amount of the debt, without adding language that
> may overshadow or contradict other language informing the
> consumer of her rights. *Pifko*, 2010 WL 2771832, at *3 (citing
> *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir.1996)).
> "[C]ourts have held that additional language about further
> increases and charges in debt collection letters misled
> consumers about the amount owed." *Id.* (citing *Kolganov v.
> Phillips & Cohen Associates, Ltd.*, No. 02-CV-3710, 2004 WL
> 958028, at *3 (E.D.N.Y. Apr. 8, 2004), and *McDowall v.
> Leschack & Grodensky, P.C.*, 279 F. Supp.2d 197, 199
> (S.D.N.Y. 2003)). Requiring debt collectors to disclose that the
> amount of debt will increase over time due to interest would be
> to require them to insert language in their collection letters that
> other Courts have previously held unlawful. That cannot be
> what Congress intended.

A70 (*Avila*, 2014 WL 1731542, at *6). The district court's reasoning is

faithful to the language of FDCPA § 1692g(a))1) and makes good sense. It

spares debt collectors (and the courts) from struggling with an appropriate

form of additional language concerning the "amount of the debt," which will

itself become more fodder for a debtor's claim that the required disclosures

concern the "amount of the debt" are confusing or misleading, in violation of

§ 1692g(a). *See Pifko v. CCB Credit Services, Inc.*, No. 09-3057, 2010 WL

2771832, at *3, citing *Kolganov v. Phillips & Cohen Associates, Ltd.*, No. 02-cv-3710, 2004 WL 958028, at *3 (E.D.N.Y. Apr. 8, 2004) and *McDowall v. Leschack & Grodensky, P.C.*, 279 F. Supp.2d 197, 199 (S.D.N.Y. 2003).

In addition, the facts in *Jones* distinguish it from this case. The debt collection letter in *Jones* did not just state the "current balance," but *also* included a "discount offer" (*i.e.*, an offer to settle the "current balance" of $2.096.06 if the amount due of $1,855.55 was paid by August 8, 2007"). *Id.*, 755 F. Supp.2d at 396. The district court in *Jones* reasoned that even if a disclosure about interest is not "ordinarily" required in a debt collection notice, it was required in *Jones* so that the debtor would know whether, if he did not make a timely payment of the discounted amount, the "current balance" otherwise due would increase because of accruing interest. *See id.*, 755 F. Supp.2d at 398. The debt collection letter at issue here, of course, does not contain any discount offer that might form the basis for arguing that accruing interest should also have been disclosed to Avila.

In sum, FDCPA § 1692g(a)(1) calls for disclosure of "the amount of the debt," nothing more. The letter to Avila made that clear disclosure. The district court properly determined that the Avila Defendants were not also required to disclose that the "current balance" would increase over time due to accruing interest. *See* A69-71.

**B.** **The Avila Defendants properly disclosed the current creditor of the debt and, therefore, the letter did not violate § 1692g(a)(2)**

FDCPA § 1692g(a)(2) requires debt collectors, in their initial communication with the consumer, to identify the name of the creditor to whom the debt is owed. *See* 15 U.S.C. § 1692g(a)(2). Here, the debt collection letter clearly sets forth the name of the creditor to whom the debt is owed, as required under § 1692g(a)(2). Indeed, the very first sentence of the debt collection letter states: "The firm of Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, *the current creditor* of the above-referenced account which originated with Wells Fargo." A59, 109 (emphasis added). Accordingly, the district court properly explained that "the letter sufficiently notifies the consumer to whom the debt is owed and satisfied the requirements of the FDCPA." A72. *See Suellen v. Mercantile Adjustment Bureau, LLC*, No. 12-CV-0916, 2012 WL 2849651, at *5 (N.D. Cal. June 12, 2012) (holding that identifying an entity that purchased the plaintiff's debt in default as the "current creditor" did not violate the FDCPA). Moreover, the district court further emphasized that the Avila Defendants "have taken the most sensible course -- they have identified the current owner of the debt and the original creditor in a clear

manner -- and therefore have satisfied the requirement of section 1692g(a)(2)." A72-73.

Nevertheless, Avila continues to claim, without offering any explanation as to why, that the Avila Defendants violated § 1692g(a)(2), by falsely stating that Crown Asset is the current creditor. *See* Appellant's Brief at 26. This conclusory assertion in her appeal brief is no more informative than the factual allegations in her amended complaint – where she simply alleges upon "information and belief," that the statement in the debt collection letter that Crown Asset is the current creditor is false, and that "Crown Asset is not the current creditor of the Wells Fargo Obligation." *See* A28 (¶'s 95-96); *see also* A32 (¶ 119) (alleging on information and belief that that there was a principal/agent relationship between Riexinger LLC and Crown Asset).

Avila's amended complaint is devoid of factual allegations lending the requisite plausible support for her supposed "information and belief." Avila can do no better than allege that: (i) Wells Fargo charged-off Avila's financial obligation to Wells Fargo and then sold the obligation, along with many other charged-off open consumer credit accounts, to a third party (A18

(¶'s 27, 29))[7]; and (ii) Crown Asset is a "professional receivables management and consulting firm" with "extensive experience in acquiring, collecting, and liquidating non-performing consumer debts that are in default" (A19 (¶ 36)). These factual allegations are not the least bit inconsistent with Crown Asset having acquired Avila's consumer obligation and become the "current creditor," as disclosed in Avila's debt collection letter. And Avila cannot overcome her deficient factual allegations by conveniently resorting to what amount to *ipse dixit* allegations that Crown Asset is a "debt collector" and is not a "creditor" within the meaning of FDCPA §1692(a) (A19 (¶'s 39-40)). *See Iqbal,* 556 U.S. at 678.

Accordingly, the district court correctly held that Avila's bald conclusory assertions were insufficient to state a claim under § 1692g(a)(2) of the FDCPA. *See* A72-73 and n. 3. More was required in the way of *factual* allegations for Avila to assert a plausible claim that Crown Asset was not, in fact, the current creditor of Avila's debt. *See Iqbal,* 556 U.S. at 678; *see also Munoz-Nagel*, 2013 WL 1809772, at *3; *Akoundi*, 2014 WL 6603916, at *1.[8]

---

[7]   *See Kelly v. Wolpoff v. Abramson L.L.P.*, 634 F. Supp.2d 1202, 1208-09 (D. Colo. 2008) (discussing the meaning and certain legal effects of "charging off" a debt).

[8] To the extent that Plaintiff Avila is also claiming a violation of § 1692e (*see* Brief of Appellants at26), the claim should be rejected for the same reasons her § 1692g claim must fail, as just discussed in text.

Because the Avila debt collection letter properly disclosed the current creditor of the debt -- and because Avila has failed to plead sufficient factual allegations indicating otherwise -- the district court properly determined that there was no violation of § 1692g(a)(2). *See* A71-73.

## POINT IV

## BASED ON THE DEBT COLLECTION LETTERS NEITHER CROWN ASSET NOR BIG 15 SHOULD BE SUBJECT TO LIABILITY TO PLAINTIFFS UNDER THE FDCPA

All of Plaintiffs claims asserted under the FDCPA against Defendants Crown Asset and BIG 15 are subject to dismissal as a matter of law for an additional reason. The FDCPA imposes duties *only* on debt collectors, as defined by § 1692a(6) of the FDCPA (*see Alibrandi v. Fin. Outsourcing Serv., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003)), and creditors are not subject to liability, vicariously or otherwise, for the acts of debt collectors. *See Kolari v. New York–Presbyterian Hosp.*, 382 F. Supp.2d 562, 573 (E.D.N.Y. 2005), *rev'd in part on other grounds*, 455 F.3d 118 (2d Cir. 2006) (the mere fact that a creditor employs a debt collector to recover its debts does not make the creditor vicariously liable for the acts of the debt collector).

In her pleadings, each of the Plaintiffs makes an *ipse dixit* allegation that Crown Asset (in Avila) or BIG 15 (in Elrod) is a "debt collector" and not a "creditor" under the FDCPA (A19 (¶'s 39-40) and A91 (¶'s 31-320)).

Each Plaintiff also alleges, in similarly conclusory fashion, that all "Defendants" sent the debt collection letter to Plaintiff. A21 (¶ 53) and A92 (¶ 46). But these conclusory, threadbare allegations, like her allegations based on information and belief (*see* A19, 28 and 32 (¶'s 35, 96, 119)), are plainly deficient under *Iqbal,* 556 U.S. at 678; *see also Munoz-Nagel,* 2013 WL 1809772, at *3; *Akoundi*, 2014 WL 6603916, at *1. They are trumped by the debt collection letters themselves, which form the sole basis for Plaintiffs' FDCPA claims. Those letters were plainly sent to Plaintiff by Riexinger LLC -- not by Crown Asset or BIG 15 -- and those letters unambiguously state that Riexinger LLC is the debt collector – and not Crown Asset or BIG 15.

Under the circumstances, Plaintiffs' factual allegations do not support a plausible argument that Crown Asset or BIG 15 is responsible as a debt collector under the FDCPA for the statements made in or omitted from the two letters that form the basis for Plaintiffs' claims. On this record, even if the letters did violate the FDCPA -- and Defendants have shown they do not – neither Crown Asset nor BIG 15 should be deemed a party responsible for the violation.

In *Aker v. BIG 15 Portfolio No. 15 LLC*, No. 12-3633, 2014 WL 4185366 (N.D. Ill. Sept. 29, 2014), a district court recently reviewed

virtually the same debt collection letter that is at issue here. In dismissing all

FDCPA claims against named defendant BIG 15 (the same party named by

Elrod here), the district court observed as follows:

> Liability under the FDCPA is for "any debt collector who fails
> to comply with any provision of this subchapter." 15 U.S.C. §
> 1692k. The alleged provision that was violated is § 1692e,
> which prohibits making false or misleading representations "in
> connection with the collection of any debt." Yet the complaint
> does not allege that Bureaus made any such statements; the
> FDCPA claim is based solely on the contents of the letter, and
> the letter was not a communication from Bureaus and contained
> no representations made by Bureaus. On its face, the letter is a
> collection notice from Riexinger [LLC] to collect on a debt
> owned by someone else. The complaint does not allege any
> representation made to [Plaintiff] Aker by Bureaus that could
> possibly be covered by § 1692e.

*Aker*, 2014 WL 4185366, at *6. The court then reasoned as follows:

> Thus, even if Bureaus itself were a "debt collector" under the
> FDCPA for some purposes (*see* 15 U.S.C. § 1692a(4)), it was
> not acting as one with respect to the letter at issue. There is
> nothing the in FDCPA, so far as the plaintiffs have pointed out,
> that extends liability to the third party creditor on whose behalf
> the collection takes place. Thus, the complaint alleges no facts
> from which it could even be inferred that Bureaus was
> responsible for the dunning notice that contained the allegedly
> unlawful statements. Accordingly, Aker fails to state a claim
> against Bureaus under the FDCPA for that additional reason.

*Id.*

Here, as in *Aker*, Plaintiffs' factual pleadings do not support a claim

that BIG 15 – or Crown Asset -- may be held responsible under the FDCPA

for the contents of, or any omissions from, the debt collection letters at issue,

which, on their face, we not sent to Plaintiffs by these Defendants. For this reason alone, neither Defendant should be subject to liability for any of Plaintiffs' claims under the FDCPA.

## CONCLUSION

For the reasons set forth above, Defendants-Appellees Riexinger & Associates, LLC, Stephen P. Riexinger, Crown Asset Management LLC, and Bureaus Investment Group Portfolio No. 15, LLC respectfully submit that the district court's Order granting Defendants' motions to dismiss should be affirmed in all respects and Defendants-Appellees should be awarded its costs, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      August 10, 2015

                   Respectfully submitted,

                   *William G. Ballaine*

                   William G. Ballaine
                   Jennifer A. Ramme
                   Landman Corsi Ballaine & Ford P.C.
                   *Attorneys for Defendants-Appellees*
                   *Riexinger & Associates, LLC, Stephen P.*
                   *Riexinger, Crown Asset Management LLC and*
                   *Bureaus Investment Group Portfolio No. 15, LLC*
                   120 Broadway, 27th Floor
                   New York, New York 10271-0079
                   Tel: (212) 238-4800
                   Fax: (212) 238-4848
                   Email: wballaine@lcbf.com
                           jramme@lcbf.com

Of counsel:

William G. Ballaine, Esq.
Jennifer A. Ramme, Esq.

52

## <u>ATTORNEY'S CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, I hereby certify that the foregoing Brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B). The Brief uses typeface Times New Roman 14 and contains 11,140 words exclusive of table of contents and table of authorities.

Dated: New York, New York
      August 10, 2015

                                  William G. Ballaine

Doc #587852